UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

May 2, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:   *Michael T. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
      Civil No. 23-1113-CDA

Dear Counsel:

On April 26, 2023, Plaintiff Michael T. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 12, 14 & 15). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration. This letter explains why.

## I.   PROCEDURAL BACKGROUND

Plaintiff filed a Title XVI application for Disabled Adult Child ("DAC") and a Title II application for Supplemental Security Income ("SSI") benefits on January 27, 2017, alleging a disability onset of September 16, 2015. Tr. 206–217. Plaintiff's claims were denied initially and on reconsideration. Tr. 124–31, 135–36. On April 10, 2019, an Administrative Law Judge ("ALJ") held a hearing. Tr. 12–30. Following the hearing, on April 26, 2019, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 30. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, and on April 22, 2020, Plaintiff filed an action with this Court for judicial review. Tr. 472–79. On April 13, 2021, the Court remanded Plaintiff's case to the SSA for further administrative proceedings. Tr. 482. On June 11, 2021, the Appeals Council vacated the final decision and remanded the case to an ALJ. Tr. 483–89. A separate ALJ held a hearing on June 21, 2022, Tr. 415–446, and the ALJ determined Plaintiff was not disabled within the meaning of the Social Security Act on

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on April 26, 2023. ECF 1. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Accordingly, Commissioner O'Malley has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Michael T. v. O'Malley*
Civil No. 23-1113-CDA
May 2, 2024
Page 2

February 17, 2023.[3]  The ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

"The Social Security Act provides disability insurance benefits for a disabled adult child . . . if the claimant is 18 years old or older and has a disability that began before the claimant became 22 years old." *Doerr v. Colvin*, No. JTC-13-0429, 2014 WL 4057446, at *3 (W.D.N.Y. Aug. 14, 2014) (internal quotation marks and brackets omitted) (quoting 20 C.F.R. § 404.350(a)(5)). The eligibility determination with respect to DAC benefits focuses on the period between the alleged onset date and the claimant's twenty-second birthday. "In the context of determining eligibility for disabled adult child's benefits, the term 'disability' has substantially the same definition as it does in traditional, adult disability cases." *Id.*; *see also Priel v. Astrue*, 453 F. App'x 84, 86 (2d Cir. 2011) (summary order) (applying the definition of disability for adults and a five-step inquiry set out *infra* to the analysis of DAC benefits).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since September 16, 2015, the alleged onset date[.]" Tr. 400. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "obesity, autism spectrum disorder, ADHD, and bipolar disorder[.]" Tr. 400. The ALJ also determined that Plaintiff suffered from the non-severe impairment of allergic rhinitis. Tr. 400. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 400. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional

---

[3] Tr. 394–414.  Special rules apply when a case is remanded by a federal court for further consideration and after the Appeals Council ("AC") remands the case to an ALJ.  The decision of the ALJ will become the final decision of the Commissioner after remand unless the AC assumes jurisdiction of the case.  20 C.F.R. § 404.984(a).  If the claimant does not file an exception to the AC within thirty days or if the AC does not assume jurisdiction within sixty days after the date of the hearing decision, the decision of the ALJ becomes the final decision after remand.  20 C.F.R. § 404.984 (a)–(d).

capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He can never climb ladders, ropes, and scaffolds. He must avoid concentrated exposure to extreme heat, hazardous moving machinery, and unprotected heights. He can only perform simple, routine, and repetitive tasks in a low stress (No strict production quotas) work environment involving occasional interaction with supervisors, co-workers, and the general public. He can tolerate occasional changes in a routine work setting. The claimant would be off task for 12% of the workday. By use of the term; "no strict production quotas", it is meant; no assembly line pace work, but he is able to perform work activities at a normal and consistent pace for the typical 8-hour workday, 40-hour a week work schedule within customary employer tolerances for off-task behavior and absence from work each month, i.e.; off task less than 15% of the workday and absence from work no more than one day of work each month.

Tr. 402. The ALJ determined that Plaintiff had "no past relevant work" but could perform other jobs that existed in significant numbers in the national economy. Tr. 407. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 408.

### III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff raises one argument on appeal, specifically that the ALJ's RFC determination is unsupported by substantial evidence on the record. ECF 12, at 8. Plaintiff contends the ALJ's lack of narrative explanation that Plaintiff can be off task for 12% of the workday is a material error that precludes judicial review. ECF 12, at 9. Defendant counters that the ALJ's determination is supported by substantial evidence. ECF 14, at 6.

An RFC is an assessment that represents the most a claimant can still do despite any

physical and mental limitations on a "regular and continuing basis." 20 C.F.R. § 416.945(b)–(c). In making this assessment, the ALJ "must consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (citing *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)); *see also* 20 C.F.R. § 416.945(a). "'[A] proper RFC analysis' proceeds in the following order: '(1) evidence, (2) logical explanation, and (3) conclusion.'" *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 388 (4th Cir. 2021) (quoting *Thomas*, 916 F.3d at 311).

When performing the RFC assessment, the ALJ must provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence. SSR 96-8p, 1996 WL 374184 at *7 (S.S.A.); *see White v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-2428, 2017 WL 1373236, at *1 (D. Md. Apr. 13, 2017) (internal citation omitted) (stating that to satisfy the function-by-function analysis requirement, the ALJ must include a "narrative discussion of the claimant's symptoms and medical source opinions" to support the RFC determination). In doing so, an ALJ must "build an accurate and logical bridge from the evidence to his conclusion." *Petry v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017) (citing *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)), as amended (Dec. 13, 2000); *see also Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (emphasis in original and internal quotation marks omitted) ("In other words, the ALJ must *both* identify evidence that supports his conclusion *and* build an accurate logical bridge from [that] evidence to his conclusion.").

When an ALJ chooses to include a specific off-task time limitation in the RFC, they must include a narrative explanation supporting that finding. "[A]n ALJ is not required to determine a percentage of time off-task, and can simply consider whether a claimant has the ability to sustain work over an eight-hour workday." *Kane v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1252, 2018 WL 2739961, at *2 n.2 (D. Md. May 14, 2018). However, if an ALJ specifies an off-task time that a claimant will be able to perform work-related tasks, the ALJ must adequately explain that determination with reference to the record. *Abdul K. v. Kijakazi*, No. BAH-21-2434, 2022 WL 2789363, at *2–3 (D. Md. July 15, 2022); *see, e.g.*, *Fisher v. Comm'r, Soc. Sec.*, No. RDB-17-3165, 2018 WL 3348858, at *3 (D. Md. July 9, 2018) ("The ALJ, however, provided no support or explanation for this extremely specific [off-task time] conclusion."); *Carter v. Berryhill*, No. 17-4399, 2018 WL 4381275, at *12 (S.D.W. Va. Apr. 11, 2018), *report and recommendation adopted*, 2018 WL 4169108 (S.D.W. Va. Aug. 30, 2018) (remanding where the ALJ "left the court to guess" how the ALJ arrived at the conclusion that the claimant would be off task for 15 percent of the workday).

This Court has, on several occasions, addressed an ALJ's obligations when specifying an off-task time limitation. *See Abdul K.*, 2022 WL 2789363, at *2–3 (remanding when the ALJ failed to explain how the evidence cited translated into a determination that Plaintiff would be off task 10% of the time); *Jennifer M. v. Kijakazi*, No. ADC-21-1491, 2022 WL 2668423 (D. Md. July 11, 2022) (same); *Brian L. v. Comm'r, Soc. Sec. Admin.*, No. DLB-19-197, 2020 WL 1814205, at *3 (D. Md. Apr. 9, 2020) (addressing a 5% off-task time limitation); *Williams v. Berryhill*, No. TMD-17-1083, 2018 WL 3092273, at *6 (D. Md. June 22, 2018) (addressing a 10%

off-task limitation); *Kane*, 2018 WL 2739961, at *1 (same). In each case, the Court required the ALJ to provide an explanation for their limitation findings, specifically that plaintiffs would be off task for a percentage of the workday. In *Kane*, the Court explained that "the assignment of a precise percentage of time off-task constituted a critical part of the disability determination," yet "the ALJ failed to explain how he reached" that conclusion. 2018 WL 2739961, at *1. The Court remanded because "the [vocational expert's ("VE")] testimony rendering the percentage of time off-task [was] potentially work-preclusive," and the ALJ "failed to fulfill the duty of explanation on this issue." *Id.* at *2.

Here, the ALJ failed to explain how the evidence translated into the specific 12% off-task limitation, rather than to 13% or 15% he contemplated during the hearing. Tr. 440. The VE opined that if a hypothetical individual was restricted to unskilled work, then a 13% off-task limitation would be work preclusive. Tr. 440. When the ALJ proffered a hypothetical based upon a "medium exertional work" level and a time off percentage 15% or above, the VE concluded that there would be no work in the competitive market if the individual was off task at 15% or above. Tr. 440. The ALJ then went on to raise a hypothetical with the same limitations as stated before, but instead included a 12% off-task percentage. The VE concluded that jobs would still exist at 12% off-task. Tr. 440–41.

The ALJ here failed to create a "logical bridge" between Plaintiff's mental limitations and the RFC determination. *See Petry*, 2017 WL 680379, at *2. After concluding that Plaintiff would be "off-task up to 12% of the workday" the ALJ never included an explanation how they calculated 12% rather than 13% or 15% off-task time. This explanation is not only required under SSR 96-8p but significant because an increase in limitation percentage precluded all competitive employment, according to the VE. Tr. 440; WL 374184 at *7 (S.S.A.); *see Brian L.*, 2020 WL 1814205, at *3 ("An explanation of how that percentage was calculated is significant, since a six percent increase could preclude competitive employment."); *Jeffrey B. v. Saul*, No. GLS-20-1090, 2021 WL 797920, at *3 (D. Md. Mar. 2, 2021) (internal citation omitted) ("The lack of any explanation as to how the ALJ calculated this percentage is significant because 'a one percent increase could preclude competitive employment.'"). Similarly, in *Lee v. Berryhill*, the ALJ "failed to explain why he equated the facts to a [10%] reduction as opposed to the [20%] reduction he contemplated (or, for that matter, any other number)." No. TMD-15-3307, 2017 WL 3007068, at *8 (D. Md. July 14, 2017) (alternations in original) (quoting *Lobbes v. Colvin*, No. WGH-13-0057, 2014 WL 1607617, at *20 (S.D. Ind. Apr. 22, 2014)). In this case, as in *Lee*, "[t]he ALJ's failure to connect his factual findings to his chosen number is particularly disconcerting because . . . the figure he discarded would have meant disability according to the VE's testimony." *Id.* (internal citation omitted); *see Kane*, 2018 WL 2739961, at *2 ("[T]he assignment of a precise percentage of time off-task constitute[s] a critical part of the disability determination" and when "the ALJ fail[s] to explain how he reached the conclusion" remand is warranted).

The Court finds unpersuasive Defendant's opposing view that the ALJ's conclusion is supported by substantial evidence. ECF 14, at 6. In doing so, the Court credits Defendant for making the reasonable concession that the Court's prior decisions support Plaintiff's argument and that the ALJ must build an accurate and logical bridge from the evidence identified and the ALJ's

conclusions. See ECF 14, at 8. As Defendant admits, a reviewing court should not be "left to guess about how the ALJ arrived at his conclusions." ECF 14, at 9. Because, as explained above, no narrative supports the conclusion, the decision requires the Court to guess why the ALJ settled on a 12% off-task limitation. *See Carter*, 2018 WL 4381275, at *12; *see generally*, Tr. 400–08.

There being no adequate explanation of this conclusion for a 12% limitation rather than the potentially work preclusive 13% or 15% contemplated, remand is warranted. *See Lee v. Berryhill*, 2017 WL 3007068, at *8 (internal citation omitted) ("In short, the ALJ failed to explain how this evidence translated into a determination that [Plaintiff] would be off task 10% of the time"); *see also Beth Ann O. v. Kijakazi*, No. BAH-21-1877, 2022 WL 3360277, at *3 (D. Md. Aug. 15, 2022) ("Defendant ignore[ed] that the Fourth Circuit, and this Court specifically, have regularly held that an ALJ's failure to explain *how* they determined that a claimant would be off task for a specific percentage of the workday precludes meaningful judicial review. Such is the case here and remand is warranted."). In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

### V.     **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge